# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE ROCHA,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 1:15-cv-01298-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PAY FILING FEE OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS IN COMPLIANCE WITH COURT ORDER<br><br>(ECF No. 3)<br><br>FIVE DAY DEADLINE |

## I.

## PROCEDURAL HISTORY

On August 24, 2015, Plaintiff Mike Rocha ("Plaintiff") filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits pursuant to the Social Security Act. Plaintiff also filed a motion to proceed in forma pauperis in this action without prepayment of fees stating that he was indigent. (ECF No. 2.) On August 25, 2015, an order issued requiring Plaintiff to either file an application to proceed in forma pauperis or pay the filing fee within twenty days. More than twenty days have passed and Plaintiff has not complied with or otherwise responded to the Court's August 25, 2015 order.

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff was ordered to Plaintiff to either file an application to proceed in forma pauperis or pay the filing fee within twenty days of the August 25, 2015 order. In the order, Plaintiff was advised that failure to comply with the order would result in this action being dismissed. (ECF No. 3.) More than twenty days have passed and Plaintiff has not filed the application to proceed in forma pauperis, paid the filing fee in this action, or otherwise responded to the Court's order. Plaintiff has failed to comply with the order requiring him to pay the filing fee or demonstrate that he is eligible to proceed without prepayment of the fee.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that within five days from the date of service of this order, Plaintiff shall show cause in writing why this action should not be

1 dismissed for his failure to comply with the Court's August 25, 2015 order.  Failure to respond to
2 this order shall result in this action being dismissed.

IT IS SO ORDERED.

Dated: **September 22, 2015**

_____
UNITED STATES MAGISTRATE JUDGE